IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IVAN BELAUSTEGUI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:20-cv-531NAB |
| v. ) | |
| ) | |
| KC MEDIA LLC, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION TO DISMISS OR, ALTERNATIVELY, MOTION TO TRANSFER FOR IMPROPER VENUE AND MOTION FOR COSTS AND FEES**

Defendant KC Media LLC moves this Court to dismiss this case under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) because none of the parties are located in the Eastern District, none of the alleged copyright infringement occurred in this judicial district, and there simply is no connection whatsoever to this district. Alternatively, it moves the court to transfer the case to the Western District under 28 U.S.C. §§ 1406(a) or 1404(a).

Courts have issued opinions sanctioning or warning plaintiff's counsel for filing copyright cases in the wrong venue when he knew or should have known there was no basis for filing a case in that venue. Courts recognize that he is attempting to circumvent the local rules of the correct venue so as to avoid requirements, such as hiring local counsel. This is the exact situation that has occurred here. This case was filed here so as avoid having to comply with the Western District of Missouri's local counsel requirements. This Court should also issue an appropriate sanction to deter such improper conduct.

## I.  INTRODUCTION

In July 2019, Quixotic Entertainment LLC, a dance company based in Kansas City, requested that KC Media publicize the Kansas City opening of its show "Sensatia".  In August 2019, KC Media wrote a public announcement about the Kansas City opening of the Sensatia show and used two photographs provided by Quixotic that plaintiff claims copyright ownership.  KC Media wrote the public announcement in Kansas City and uploaded the public announcement and the two photographs from Kansas City to its website, which is found on a server in Kansas City.  *See*, Declaration of Zim Loy at ¶¶ 2 and 3, attached as Exhibit A.

On or about April 15, 2020, KC Media, LLC was served with a copy of the Complaint and a summons in this action.  The service of process was served in Kansas City.  *See*, *Id.* at ¶ 10.

The Complaint asserts that subject matter jurisdiction is based on a federal question arising under the Copyright Act.  *See,* Complaint (docket #1) at ¶ 2.  It asserts that venue is proper under 28 U.S.C. § 1391.  *Id*. at ¶ 4.

The Complaint asserts that plaintiff has his place of business and presumably resides in Miami, Florida.  It further alleges that KC Media is located in Kansas City.  *Id*. at ¶¶ 5-6.  The alleged copyright infringement occurred in Kansas City, Missouri.  The Complaint does not allege any factual connection to this district.

## II.  ARGUMENT

When reviewing a motion to dismiss under Rule 12(b)(3), the Court applies the same standard used for other motions to dismiss.  *Ortho Solutions, LC v. Sanchez*, No. 4:19CV1307 HEA, 2019 W.L. 2450966, *4 (E.D. Mo. 6/12/2019).  This Court should view all facts in the

light most favorable to plaintiff, and assume the facts alleged in the Complaint to be true. *Id.* But, unlike motions to dismiss under Rule 12(b)(6), "when ruling on a motion to dismiss for improper venue, the court may consider matters outside the pleadings." *Id.*

**A.     This Case Should Be Dismissed Or Transferred To The Western District of Missouri, Western Division Pursuant to 28 U.S.C. § 1406(a).**

Whenever a case is filed in a wrong division or district, the court shall dismiss the case or if "it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

The Eastern District of Missouri is not a proper venue because KC Media does not reside in this district and there are no contacts with this district. The only contacts are with Kansas City in the Western District of Missouri.

This court should dismiss the case because filing here, despite the lack of any basis for doing so, was not a mere oversight, but rather a purposeful effort to circumvent the local rules of the Western District of Missouri requiring plaintiff to hire local counsel. If the case is not dismissed, it should be transferred to the proper venue, the Western District of Missouri in Kansas City.

**1.  For Venue Purposes, KC Media "May Be Found" Only In A District In Missouri Within Which Its Contacts Would Be Sufficient To Subject It To Personal Jurisdiction If That District Were A Separate State.**

The only venue allegation, "[v]enue is proper in this District pursuant to 28 U.S.C. § 1391(b)", both misstates the law and fails to apply it to KC Media. *See Complaint*, at ¶ 4. Despite the legal allegations in the Complaint, the appropriate venue statute in copyright cases is 28 U.S.C. § 1400(a). E.g., *Milwaukee Concrete Studios, Ltd. v. Fjeld Mfg. Co., Inc.*, 8 F. 3d. 441, 443 (7th Cir. 1993). The federal copyright venue statute requires that copyright

-3-

infringement claims be brought in the district where "the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a).

As the Complaint acknowledges, KC Media is located in Kansas City and the declaration from Ms. Loy states that she is the Registered Agent and she both resides and is located in Kansas City. *See,* Complaint at ¶ 6; Exhibit A at ¶ 9. Indeed, the Complaint and the service of process were served on Ms. Loy in Kansas City. Exhibit A at ¶ 10.

Admittedly, the copyright venue statute also provides that a claim may be brought in the district where KC Media "may be found." The courts have uniformly interpreted this to mean that venue is "proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state. *E.g., Columbia Pictures TV v. Krypton Broad of Birmingham, Inc.,* 106 F.3d 284, 289 (9th Cir. 1997) (overruled on other grounds); *Milwaukee Concrete Studios*, 8 F.3d at 445 (citing cases).

Certainly, a defendant "may be found" in a district in which it is subject to personal jurisdiction, but for venue purposes "there must be contacts with that specific district," not just with a specific state. *Tayama v. Riom Corp.,* No. 2:11-CV-167-J, 2012 WL 556007 *2, (N.D. Tex. 2/21/2012) (citing *Milwaukee Concrete Studios* approvingly).

This test is consistent with the test for determining where KC Media "resides" under the general venue statute, 28 U.S.C. § 1391, that plaintiff cites in the Complaint as the proper venue statute. That statute provides that when a State like Missouri has more than one judicial district, a corporation "shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction <u>if that district were a separate State</u>." 28 U.S.C. § 1391(d) (emphasis added).

### 2. There Is No Personal Jurisdiction In The Eastern District If The District Is Treated As A Separate State And Therefore Venue Here Is Improper.

Even reading the factual allegations in the Complaint favorably to plaintiff, there is not a single allegation of any contact with the Eastern District of Missouri.  *See* Complaint, at ¶¶ 7-16.  Instead, the allegations show that all of the contacts are in the Western District of Missouri.

Plaintiff's only jurisdictional allegation is that KC Media is "registered with the Missouri Department of Corporations to do business in Missouri."  *Complaint*, at ¶ 6.  But, as the Seventh and Ninth Circuits and other courts have uniformly held, that cannot suffice in a state with multiple judicial districts.  *Columbia Pictures TV,* 106 F.3d at 289; *Milwaukee Concrete Studios*, 8 F.3d at 445.

Personal jurisdiction can be specific or general.  Specific jurisdiction exists when a lawsuit arises out of or is related to the defendant's contacts with the forum.  *George v. Shadow Ridge Properties*, 2015 WL 300389 at *2, 4:14-CV-1167 (CEJ) (E.D. of Mo. 1/22/2015).  Relevant to this lawsuit for copyright infringement, Missouri's long-arm statute authorizes personal jurisdiction over a defendant who allegedly commits a tort here.  Mo. Rev. Stat. § 506.500.1(3).

In analyzing this district as a State, there is no specific jurisdiction as the Complaint alleges that KC Media is located in Kansas City and the alleged "tort" or copyright infringement took place in Kansas City when KC Media allegedly ran a public service announcement on its website using two photographs allegedly without permission.  Complaint, at ¶¶ 7-16.  The public announcement about the Quixotic show opening in Kansas City that contained the photographs at issue was written in Kansas City and the announcement and photographs at issue were uploaded from Kansas City to the website.  The website sits on a server located in Kansas City.  *See*, Exhibit A at ¶¶ 3 and 4.  None of the alleged conduct took place in this district.

Regardless, even if the long-arm statute authorized personal jurisdiction, "jurisdiction can be asserted only if it comports with the strictures of the Due Process Clause." *George*, 2015 WL 300389 at *3. The Eighth Circuit weighs five factors to determine if sufficient minimum contacts exist to exercising personal jurisdiction:

> (1) The nature and quality of the contacts with the forum state; (2) the quantity of the contacts; (3) the relationship of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience or inconvenience to the parties.

*Id.* The first three factors are given significant weight. *Id.*

KC Media does not have any meaningful contacts with the Eastern District as it does not have employees or an office in this district; its employees do not travel to St. Louis for business; and it does not market to St. Louis because the public announcements and magazine are about Kansas City lifestyle for Kansas Citians. *See* Exhibit A at ¶¶ 7, 8 and 11. As already discussed, the relationship of the cause of action to the contacts is non-existent. Nor would this district have an interest in providing a forum as none of the parties reside in this district; and none of the parties or documents involved are located in the district so there is no special convenience or inconvenience to the parties. Plaintiff has not alleged any facts in the Complaint to the contrary.

General jurisdiction exists when the contacts are "so continuous and systematic as to render them essentially at home" in the forum. *Id.* at *4 (internal quotations omitted). For a corporation like KC Media, it is a place in which the "corporation is fairly regarded as at home." *Id.*

In analyzing this district as a State, there is no general jurisdiction. The Complaint does not allege any general contacts in the Eastern District. Nor could it. KC Media does not have any offices or employees in this district. KC Media does not market to St. Louis as the public announcements and magazine are about Kansas City for Kansas Citians interested in what is

happening in Kansas City.  *Id.* at ¶¶ 7 and 8.  KC Media does not do any business in St. Louis and none of its employees travel to St. Louis for business.  *Id.* at ¶¶ 8, 11.  Because KC Media cannot be found in St. Louis, the Complaint and service of process were served in Kansas City.  *Id.* at ¶ 10.

To the extent that the Complaint's references to a website is an attempt to establish venue in this district, courts have consistently rejected such an argument.  "Having an 'interactive website' (which hardly rules out anything in 2014 or today in 2020) should not open a defendant up to personal jurisdiction in every spot on the planet where that interactive website is accessible.  To hold otherwise would offend 'traditional notions of fair play and substantial justice.'"  *Advanced Tactical Ordinance Sys, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 803 (7th Cir. 2014) (parenthetical not part of the quotation).  Regardless, it would be remarkable that a website focused on Kansas City for Kansas Citians would be considered a "continuous and systematic" contact with St. Louis.

### 3. Even The General Venue Statute Rejects Any Argument That This District Is A Proper Venue.

Even if the general venue statute § 1391 applied, it would not support venue in this district.  The statute provides that venue is only proper in a judicial district where a defendant "resides" or where "a substantial part of the event or omissions giving rise to the claim occurred, or a substantial part of the property that is subject to the action is situated," or where a defendant "is subject to the court's personal jurisdiction."  28 U.S.C. § 1391(b)(1-3).

Nothing about this case happened in this district before it was filed here.  Plaintiff holds the copyright in Florida, so the property is not "situated" here.  And, as already discussed above, when a state has multiple judicial districts, KC Media is said to reside in the district where it

would have personal jurisdiction if that district was treated as a State.  28 U.S.C. § 1391(d).  That district is the Western District of Missouri, not here.

### 4. Because Venue In This District Is Improper And The Filing Here Was Not An Oversight, This Case Should Be Dismissed.

Section 1406(a) provides that when venue is improper in this District, the case should be dismissed or transferred to the proper venue.  28 U.S.C. § 1406(a).

"[I]n determining whether to transfer or dismiss a case, the court may consider: the applicable statute of limitations, the relative injustice imposed on the parties, whether the suit was filed in bad faith or for harassment, whether the plaintiff has requested or shown an interest in a transfer, and whether the chosen venue was clearly or obviously improper."  *Kelly v. Echols*, No. CIVF05118AWISMS, 2005 WL 2105309, at *12 (E.D. Cal. Aug. 30, 2005).

This case should be dismissed.  Plaintiff will not suffer any prejudice as there is no risk of the three-year statute of limitations running soon.  *See* 17 U.S.C. § 507(b) (three-year statute of limitations for copyright actions).  The chosen venue was clearly improper – especially considering that the Complaint relies upon the general venue statute, which specifically requires an analysis of meaningful contacts with this district and none are alleged in the Complaint.

Filing in a district that has no connection to this case was not an oversight.  Last month, a federal district court judge presiding over another copyright case declared counsel for plaintiff to represent a "clear and present danger to the fair and efficient administration of justice." *Mondragon v. Nosrak LLC*, No. 19-cv-01437-CMA-NRN, 2020 WL 2395641, at *1 (D. Col. 5/11/2020).  In making that determination, the judge reviewed actions that took place in his courtroom and discussed an extensive list of cases from around the country in which courts have been compelled to sanction plaintiff's attorney.  *Id.* *3-8.

What is especially relevant here is that the judge noted cases in which a court found that plaintiff's counsel purposefully filed in the wrong venue to avoid having to meet the proper venue's requirement of hiring local counsel, posting bond, or both. *E.g., Id.* at *7-8.

For example the Colorado judge cited from a decision issued on May 7, 2020 in *Ward v. Consequence Holding, Inc.* from the Southern District of Illinois in which that judge stated that there was no basis for which plaintiff's counsel could have thought that the court was the appropriate venue. *Id.* at *7. The proper venue was the Northern District of Illinois which requires a plaintiff to have local counsel and a posting of a bond. It was evident that plaintiff's counsel was trying to circumvent these rules by filing in the wrong venue. *Id.* This, of course, imposes costs on the court system and on defendants.

The Colorado court stated that it appeared that plaintiff's counsel was attempting to do the same in at least one case filed in Colorado as Colorado does not require counsel to hire local counsel:

> Without presuming to judge a matter recently filed before one of my colleagues, Mr. Liebowitz's filing of the *Tekeshige* case appears suspiciously similar to the conduct he was accused of in the *Ward* matter. The United States District Court for the District of Idaho has a specific rule governing admission which requires that membership is limited to active members in good standing of the Idaho state bar. *Pro hac vice* admission to the District of Idaho is permitted but requires the designation as local counsel of an active member of the bar of the District of Idaho and that designated local counsel must appear personally with the *pro hac vice* attorney on all matters heard and tried before the court. Because of his admission to District of Colorado bar, Mr. Leibowitz could theoretically achieve the objective of imposing undue economic settlement pressure on a defendant, without bothering to sue in the correct venue, a practice for which he has previously been strongly criticized after basely filing against another Idaho-based entity in the Southern District of New York.

*Id.* at *8.

This is the exact situation that has occurred here.  This case was filed with absolutely no connection to the Eastern District of Missouri.  But, the Eastern District of Missouri local rules do not require counsel to hire local counsel.  Venue is proper in the Western District of Missouri and its local rules do require the hiring of local counsel.

The filing in an improper venue was not an accident or an oversight, but rather a part of a pattern that courts elsewhere have warned about in written opinions.  This was a deliberate attempt to forum shop to circumvent the local rules of the Western District of Missouri requiring plaintiff to hire local counsel.

A transfer would not serve the interest of justice because plaintiff's counsel has litigated inequitably.  A transfer to accommodate a plaintiff's "blatant forum shopping" is not in the interest of justice.  *Wood v. Santa Barbara Chamber of Commerce*, 705 F.2d 1515, 1522 (9th Cir. 1983).  Logically, justice would not be served by transferring plaintiff's case back to a jurisdiction that plaintiff purposefully sought to avoid.  *Id.* at 1523.

### 5. Alternatively, This Court Should Transfer This Case To The Western District of Missouri, Western Division.

If this Court agrees that the venue is improper under § 1406(a), but does not dismiss the case, then the Court must transfer the case to the proper venue:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(b).

Because KC Media is located in Kansas City and all of the acts and omissions that allegedly gave rise to this case allegedly occurred in Kansas City, the case should be transferred there.

The local rules of the Western District of Missouri provide for three separate divisions. *See* Western District of Missouri Local Rule 3.2.[1] The Western Division includes Jackson County which is where Kanas City is located. *Id.* at 3.2(a)(1). Therefore, this Court should transfer the case to the Western District, Western Division.

**B.     If Venue Is Proper Here, This Case Should Still Be Transferred To The Western District of Missouri, Western Division Pursuant to 28 U.S.C. § 1404(a).**

If this Court determines that venue is proper in this District, then KC Media requests that the Court transfer the case to the Western District to promote litigation convenience and efficiency. Section 1404(a) provides that this Court may transfer this case to any district where it might have been brought. 28 U.S.C. § 1404(a).

The Eighth Circuit has said that district courts may consider a number of "convenience" factors, including: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the accessibility to records and documents; (4) the location where the conduct complained of occurred; and (5) the application of each forum's state law. *Terra Int'l, Inc. v. Mississippi Chem Corp.*, 119 F.3d 688, 696 (8th Cir. 1997).

None of the parties nor their lawyers are located in St. Louis, but KC Media is located in Kansas City. Witnesses for KC Media are located in Kansas City while the plaintiff is located in Florida. The Western District of Missouri is no less convenient for plaintiff to fly from Miami, as both St. Louis and Kansas City offer non-stop flights. Further, the alleged actions or omissions all allegedly took place in Kansas City. Given that both districts are in Missouri and

---

[1] https://www.mow.uscourts.gov/sites/mow/files/LR%203.2.pdf

-11-

because federal copyright law is at issue, the forum state law is irrelevant. As a whole these factors weigh in favor of transferring the case to Kansas City.

The Eighth Circuit has also said that courts may also consider a number of "interests of justice" factors, including: (1) judicial economy; (2) plaintiff's choice of forum; (3) the comparative costs to the parties of litigating in each forum; (4) each party's ability to enforce a judgment; (5) obstacles to a fair trial; (6) conflicts of law issues, and (7) the advantages of having a local court determine questions of local law. *Id.*

It is not clear what connection this district has with the allegations in the Complaint and plaintiff's choice of forum appears to be little more than forum-shopping to avoid having to follow the Western District of Missouri's local rules. Again, because both districts are in Missouri and because federal copyright law is at issue, these factors are generally not applicable. These factors are neutral as to whether to transfer, but when weighed against the convenience factors and the most important factor, i.e., the convenience of the witnesses, this Court should transfer the case to the Western District.

**C.     This Court Should Sanction Plaintiff, Plaintiff's Counsel, Or Both For Filing In This District Despite Absolutely No Basis For Asserting Venue Here And Despite Written Opinions Sanctioning Plaintiff's Counsel For Doing So In Other Cases.**

Justice would not be served by merely transferring the case to the proper venue without cost to plaintiff or his counsel. This Court should exercise its authority under 28 U.S.C. § 1927 and its inherent authority for filing in this District without any basis for doing so and having been warned by other courts that such action is sanctionable.

Any attorney or other person admitted to conduct cases in any court of the United States who so multiplies the proceedings in any case unreasonably and vexatiously may be required by

the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.

A court has discretion to impose § 1927 sanctions when an attorney is cavalier, intentionally acts without a plausible basis, or pursued a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound. *Dominion Video Satellite, Inc. v. Echostar Satellite LLC,* 430 F.3d 1269, 1278 (10th Cir. 2005); *Kapco Mfg. Co. v. C & O Enters., Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989).

"A lawyer's subjective bad faith is a sufficient, but not necessary, condition for § 1927 sanctions; objective bad faith is enough." *In re Lisse*, 921 F.3d 629, 641 (7th Cir. 2019) "Attorneys demonstrate objective bad faith when they pursue 'a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound.'" *Id.*

Despite warnings and sanctions from courts for continuing to file in improper venues to circumvent the rules of the proper venues, plaintiff's counsel filed yet another case that has no basis for being in this district. As one court noted, this strategy comes with very real costs and burdens that plaintiff is wrongfully placing on KC Media:

> This appears to be Mr. Liebowitz's practice in the District of Colorado now too. Membership in the Bar of this Court does not require a Colorado law license or association with local counsel. All that this Court requires is for a person to be licensed by the highest court of a state . . . and be in good standing in all courts and jurisdictions where the applicant has been admitted. Thus, if Mr. Liebowitz were inclined to ignore the requirements of the venue statute . . . he could file almost any copyright lawsuit in the District of Colorado on behalf of any plaintiff against any defendant that he chooses. The burden would then fall on the defendant to appear in this Court and defend via a motion to dismiss, on pain of a default judgment. The cost of settling might well be lower than the cost of defending in an inappropriate venue.

*Mondragon* at *7.

KC Media has been forced to spend its own money that it can little afford to retain counsel, enter an appearance, and file this motion to dismiss.

The Court also has the inherent power to "assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). Whether under Section 1927 or the Court's inherent authority, it may sanction plaintiff or plaintiff's counsel for filing this litigation in a patently-inappropriate forum.

KC Media seeks to recover all of the costs and attorney's fees that plaintiff and his counsel unreasonably forced it to bear. If this Court agrees such a sanction is appropriate, the undersigned will promptly submit an appropriate declaration and support for the reasonable costs and fees that KC Media has incurred in dismissing or transferring this case.

### III.   CONCLUSION

For the reasons stated, KC Media respectfully requests that this Court dismiss this case or transfer it to the Western District of Missouri, Western Division, award KC Media its reasonable attorneys' fees and costs, and award such other and further relief as this Court deems fair and equitable.

Respectfully submitted,

By: */s/ David L. Rein, Jr.*
David L. Rein Jr., 43411 (MO)
ERICKSON KERNELL IP, LLC
8900 State Line Road, Suite 500
Leawood, Kansas 66206
Telephone:  913-549-4700
Facsimile:  913-549-4646
Email:  drein@kcpatentlaw.com

*Attorney for Defendant KC Media LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of June, 2020, the foregoing Defendant's Motion To Dismiss Or, Alternatively, Motion To Transfer For Improper Venue And Motion For Costs And Fees was filed with the Clerk of the Court to be served via the Court's ECF system upon counsel of record.

/s/ David L. Rein Jr.