# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| IVAN BELAUSTEGUI, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:20-cv-531-NAB |
| KC MEDIA LLC, | ) |
| Defendant. | ) |

## JOINT PROPOSED SCHEDULING PLAN

Plaintiff Ivan Belaustegui and Defendant KC Media LLC ("KC Media"), by and through their undersigned attorneys, hereby submit the following proposed scheduling plan.

**A.  Track Assignment**

The Parties agree that Track 2 is an appropriate assignment.

**B.  Joinder of Additional Parties or Amendment of Pleadings**

The parties propose that any motions to join additional parties or amend the pleadings be filed on or before **August 28, 2020**.

**C.  Discovery Plan**

**i.  Disclosure or Discovery of Electronically Stored Information**

The parties agree to the production of electronically stored information (ESI) as page images in PDF or TIFF format provided on a computer-readable medium. However, a receiving party may require that a particular electronically stored document be produced in native file format if there is a legitimate reason why page-image formats are not sufficient. In addition, the parties agree that spreadsheet (e.g., Microsoft Excel) files and email correspondence should be produced in their native file formats.

The parties further agree that for electronically stored information produced in PDF or TIFF format, each page image shall contain a production number, preferably located at the bottom of the page if this does not cover information in the document image. For electronically stored information produced in native file format, a production number shall be included in the name of the file, or otherwise identified in a reasonable manner.

At this time, the Parties do not believe that discovery will require more detailed ESI parameters. To the extent the either party believes that additional parameters for handling electronic discovery should be addressed, that Party will contact opposing counsel to confer and the Parties will notify the Court and provide proposed terms to address the issue. To the extent the Parties cannot not agree on proposed terms, either Party may file a motion requesting entry of an order addressing ESI parameters along with a proposed order.

### ii. Agreements for Asserting Claims of Privilege or of Protection as Trial-Preparation Material After Production

The parties shall produce privilege logs within a reasonable time after production. The parties will confer in good faith on ways to minimize the burden of privilege logs. The parties agree that any inadvertent disclosure of privileged material in the course of discovery shall not constitute a waiver of privilege, provided that the party who made the inadvertent disclosure promptly notifies the other party upon becoming aware of the disclosure.

The parties anticipate that they will enter into to a Stipulated Protective Order regarding the handling of any privileged, confidential, or protected information to be disclosed during the course of discovery in this case. The parties will work together in good faith to submit a Stipulated Protective Order to the Court prior to the production of documents in this case. If the parties are unable to reach agreement, the Parties propose submitting a single opposed joint

motion for entry of a protective order, which sets forth the agreed provisions, as well as any disputes for the Court to resolve.

### iii. Rule 26(a)(1) Disclosures

The parties propose that Rule 26(a)(1) disclosures be exchanged on or before **July 31, 2020**.

### iv. Conduct of Discovery

The parties do not anticipate a need to conduct discovery in phases or otherwise limit discovery to certain issues.

### v. Expert Witnesses

The parties propose that expert reports on issues on which the party bears the burden of proof be exchanged on **December 31, 2020**. Rebuttal expert reports will be exchanged on **February 15, 2021**. All expert depositions and expert discovery is to be concluded by **March 15, 2021**.

### vi. Limits on Depositions and Interrogatories

The parties agree that the presumptive limits of ten (10) depositions per side and twenty-five (25) interrogatories per party are appropriate.

### vii. Physical or mental examinations

It is not anticipated that either party will seek a physical or mental examination of any other party. A party desiring a physical or mental examination will be required to file a motion with the Court showing good cause for such an examination.

### viii. Completion of discovery

The parties propose that all discovery shall be completed on or before **March 15, 2021**.

### ix. Any Other Matters Pertinent to the Completion of Discovery

As discussed above, the parties intend to jointly move the Court for entry of a Stipulated Protective Order, which will include provisions for the production of confidential information.

D.   **Position on Mediation**

The Parties are agreeable to early mediation on a mutually agreeable date between **September 6, 2020** and **September 30, 2020**. The Parties agree to cover their own costs and evenly contribute to the costs for a neutral to preside.

E.   **Filing Deadline for Motions to Dismiss, Motions for Summary Judgment, and *Daubert* Motions**

The parties propose that all motions to dismiss and motions for summary judgment, shall be filed no later than April 30, 2021 and *Daubert* motions shall be filed no later than July 1, 2021.

F.   **Pretrial Disclosures**

The Parties propose that pretrial disclosures be provided no later than sixty (60) days prior to the trial date. These disclosures shall include: (i) a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called; (ii) a list of written discovery that may be offered into evidence at trial; (iii) designations of deposition testimony to be offered at trial; (iv) a copy of all exhibits that may be offered into evidence at trial; and (v) findings of fact, conclusions of law, and a trial brief, citing authorities and evidence in support of the party's legal theories and discussing any anticipated substantive or procedural problems. Except for good cause shown, no party should be permitted to offer evidence not identified by said party for examination by opposing counsel at least sixty (60) days prior to the trial date.

The Parties further submit that written objections to the evidence identified as well as any counter-designated deposition testimony should be provided no later than forty-five (45) days

prior to the trial date. The Parties agree that motions in limine will be filed at least forty-five (45) days prior to the trial date. With the exception of objections based on the manner in which the evidence is offered at trial, any objections not made in writing at least forty-five (45) days prior to trial shall be deemed waived.

The Parties further submit that proposed jury instructions should be provided to the Court in both "clean" and "dirty" forms at least thirty (30) days in advance of the final pretrial conference.

**G.    Final Pretrial Conference**

The Parties propose holding a final pretrial conference approximately fourteen (14) days in advance of the trial date.

**H.    Date for Which Case Should be Ready for Trial**

The parties believe that the case should be ready for a jury trial by **December 10, 2021.**

**I.    Estimated Length of Trial**

The parties estimate that it should take approximately three (3) to five days to try this case.

**J.    Any Other Matter Deemed Appropriate for Inclusion
in the Joint Scheduling Plan**

None.

Dated: July 9, 2020                                Respectfully submitted,

| LIEBOWITZ LAW FIRM, PLLC | ERICKSON KERNELL IP |
|---|---|
| */s/ Richard Liebowitz* | /s/ David L. Rein Jr. |
| Richard P. Liebowitz | David L Rein Jr. |
| 11 Sunrise Plaza, Suite 305 | 8900 State Line Road, Suite 500 |
| Valley Stream, New York 11580 | Leawood, KS 66206 |
| Tel.: 516-233-1660 | Telephone: 913-549-4700 |
| E-mail: RL@liebowitzlawfirm.com | E-mail: DRein@KCPatentLaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant KC Media, LLC* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of July 2019, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon all counsel of record in this matter.

/s/