IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IVAN BELAUSTEGUI,        )<br>                          )<br>        Plaintiff,  )<br>                          )  Civil Action No. 4:20-cv-531-CDP<br>  v.                      )<br>                          )<br> KC MEDIA LLC,            )<br>                          )<br>        Defendant.        ) | |

**DEFENDANT'S MOTION TO RENEW MOTION TO DISMISS
OR TRANSFER FOR IMPROPER VENUE AND
<u>MOTION FOR COSTS AND FEES</u>**

Defendant KC Media LLC filed a motion to dismiss the Complaint or transfer for improper venue and motion for costs and fees (Docket #10).  Plaintiff has now filed an Amended Complaint (Docket #13).  This Court on July 20th issued an Order (Docket #15) which, in part, requested KC Media to inform the Court whether the pending motion to dismiss or transfer should be directed to the amended complaint instead of being denied as moot.

Defendant KC Media LLC renews the motion to dismiss or transfer for improper venue and motion for costs and fees (Docket #10) and requests that it be directed to the Amended Complaint.

The relevant changes in the Amended Complaint to the original complaint are reflected below in yellow:

>   4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a).
>
>   5. The original venue in which Plaintiff filed, Eastern District of Missouri, is more convenient for Plaintiff than the Western District as it is more economical for Plaintiff to proceed in the original venue. Plaintiff does not intend to call any third-party witnesses to trial and, if he does, it shall be at his own expense.
>
>   6. Upon information and belief, Defendant cannot show that Plaintiff's choice of venue will cause Defendant economic hardship or inconvenience to any party witnesses. Nor can Defendant show that any third-party witnesses will be prejudiced if the action is allowed to proceed to trial in the original forum.
>
>   7. The Eastern District courthouse in St. Louis is located less than four hours drive from the Western District courthouse in Kansas City.

Compare, Amended Complaint (Docket #10) to Complaint (Docket #1).

Although the Motion to Dismiss also had an alternative basis of transferring because the venue is not convenient, the basis of the underlying is that this District is not a proper venue. The Amended Complaint is silent in providing a basis for establishing that this District is the proper venue.

  **I.**  **The Case Should Be Dismissed Or Transferred Because Plaintiff Does Not Dispute That Venue Was Never Proper In This District.**

Because the plaintiff did not otherwise respond to the motion to dismiss, the following is not controverted:

**Venue Is Not Proper Under 28 U.S.C. § 1400(a).**

 1) The only appropriate venue statute in copyright cases is 28 U.S.C. § 1400(a).

   2) The appropriate test when a state has multiple judicial districts is whether KC Media resides in this District or if there would be personal jurisdiction over KC Media if this District was treated as a separate state.

3) The only contacts are with Kansas City in the Western District of Missouri.

4) KC Media resides and "may be found" only in Kansas City, Missouri and not in this District. There are neither specific nor general contacts with the Eastern District of Missouri, therefore venue is not proper here under 28 U.S.C. § 1400(a).

*See, Motion to Dismiss*, at 3-7 (Docket #10).

**Venue Is Not Proper Under 28 U.S.C. § 1391.**

1) Even if the general venue statute applied, it provides that venue is only proper in a judicial district where a defendant "resides" or where "a substantial part of the event or omissions giving rise to the claim occurred, or a substantial part of the property that is subject to the action is situated," or where a defendant "is subject to the court's personal jurisdiction.

2) Nothing about this case happened in this District before it was filed here. Plaintiff holds the copyright in Florida, so the property is not "situated" here. And, as already discussed above, when a state has multiple judicial districts, KC Media is said to reside in the district where it would have personal jurisdiction if that district was treated as a State. 28 U.S.C. § 1391(d). That district is the Western District of Missouri, not here.

*See, Motion to Dismiss*, at 7-8.

**Filing Here Was Not An Oversight And The Case Should Be Dismissed.**

   1) Plaintiff will not suffer any prejudice if the case is dismissed.

2) Filing in a district that has no connection to this case was not an oversight, but rather was intentionally done to circumvent the Western District of Missouri's requirements of hiring local counsel.

3) A transfer would not serve the interest of justice because plaintiff's counsel has litigated inequitably.

*See, Motion to Dismiss*, at 8-10.

**Alternatively, This Court Should Transfer This Case To The Proper Venue, i.e., The Western District of Missouri, Western Division.**

1) If this Court agrees that the venue is improper under § 1406(a), but does not dismiss the case, then the Court must transfer the case to the proper venue.

2) There is no dispute that the proper venue is the Western District of Missouri in Kansas City.

*See, Motion to Dismiss*, at 10-11.

**This Court Should Sanction Plaintiff, Plaintiff's Counsel, Or Both For Filing In This District Despite Absolutely No Basis For Asserting Venue Here.**

1) Justice would not be served by merely transferring the case to the proper venue without cost to plaintiff or his counsel.  This Court should exercise its authority under 28 U.S.C. § 1927 and its inherent authority for filing in this District without any basis for doing so and having been warned by other courts that such action is sanctionable.

2) Despite warnings and sanctions from courts for continuing to file in improper venues to circumvent the rules of the proper venues, plaintiff's counsel filed yet another case that has no basis for being in this District.  This strategy comes with very real costs and burdens that plaintiff is wrongfully placing on KC Media.

*See, Motion to Dismiss*, at 12-14.

-4-

## II.   The Amended Complaint Does Not Change The Fact That If Venue Is Proper Here, This Case Should Still Be Transferred Pursuant to 28 U.S.C. § 1404(a).

Plaintiff did not dispute the test this Court should apply is properly stated in the motion to dismiss.  It is a multi-factor test that is not controlled by the drive time between the courthouses in Kansas City and St. Louis.

It is also undisputed that the parties and their lawyers are not located in St. Louis.  KC Media is located in Kansas City and witnesses for KC Media are located in Kansas City while the plaintiff is located in Florida.  The alleged actions or omissions all took place in Kansas City.  Plaintiff also concedes in the Amended Complaint that it does not intend to call any third-party witnesses and the Amended Complaint certainly does not identify any located in St. Louis.

Plaintiff makes the conclusory statement in paragraph 5 of the Amended Complaint that "the Eastern District is more convenient for Plaintiff than the Western District as it is more economical for Plaintiff to proceed in the original venue."  This statement should be ignored as it does not contain factual matter that can be accepted as true, but rather it is an allegation that may be disregarded as a conclusory statement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Plaintiff did not dispute that the Western District of Missouri is no less convenient for plaintiff to fly from Miami as both St. Louis and Kansas City offer non-stop flights.

It is not clear what connection this District has with the allegations in the Amended Complaint and plaintiff's choice of forum appears to be little more than forum-shopping to avoid having to follow the Western District of Missouri's local rules.  Again, because both districts are in Missouri and because federal copyright law is at issue, these factors are generally not applicable.  These factors are neutral as to whether to transfer, but when weighted against the

convenience factors and the most important factor, i.e., the convenience of the witnesses, this Court should transfer the case to the Western District.

### III.     Conclusion.

For the reasons stated, KC Media respectfully renews its motion (Docket #10) that this Court dismiss this case or transfer it to the Western District of Missouri, Western Division, award KC Media its reasonable attorney fees and costs, and award such other and further relief as this Court deems fair and equitable.

Respectfully submitted,

By: */s/ David L. Rein, Jr.*
    David L. Rein, Jr., #43411
    ERICKSON KERNELL IP, LLC
    8900 State Line Road, Suite 500
    Leawood, Kansas 66206
    Telephone:  913-549-4700
    Facsimile:  913-549-4646
    Email:  drein@kcpatentlaw.com

*Attorney for Defendant KC Media LLC*

### CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of July 2020, the foregoing Defendant's Motion to Renew Motion to Dismiss or Transfer for Improper Venue and  Motion For Costs And Fees with the Clerk of the Court to be served via the Court's ECF system upon counsel of record.

*/s/ David L. Rein Jr.*