UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| IVAN BELAUSTEGUI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:20 CV 531 CDP |
| | ) | |
| KC MEDIA LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Defendant KC Media LLC moves to dismiss this copyright infringement action for improper venue under Rule 12(b)(3), Federal Rules of Civil Procedure, or, alternatively, to transfer this case to the Western District of Missouri under 28 U.S.C. § 1406(a).  Invoking 28 U.S.C. § 1927, KC Media also moves for an award of costs and attorney's fees it incurred in bringing this motion.  Plaintiff Ivan Belaustegui has not responded to the motion despite being ordered to do so.  I will grant KC Media's motion to dismiss and its request for costs and fees under § 1927.  I will deny as moot KC Media's alternative motion to transfer.

Plaintiff Belaustegui is a professional photographer who resides and operates a business in Miami, Florida, licensing his photographs to online and print media for a fee.  Defendant KC Media is a marketing and media group organized under the laws of Missouri with its principal place of business in Kansas City, Missouri,

which is located in the Western District of Missouri.  As relevant here, Belaustegui

sued KC Media in this district, the Eastern District of Missouri, alleging that KC

Media published two of his copyrighted photographs to its website in August 2019

without a license and without his consent or permission.  KC Media moves to

dismiss this case for improper venue or, alternatively, to transfer venue to the

Western District of Missouri.

A.    <u>Improper Venue in this Judicial District</u>

Venue in this action is controlled by the specific venue provision of 28

U.S.C. § 1400(a), which applies to copyright actions, as opposed to the general

federal venue statute, 28 U.S.C. § 1391.  Section 1400(a) provides that "[c]ivil

actions, suits, or proceedings arising under any Act of Congress relating to

copyrights . . . may be instituted in the district in which the defendant or his agent

resides or may be found."  Because venue under § 1400(a) is "'geared to district,'"

establishing proper venue under § 1400(a) relates to the specific district, and not

the state, in which the action is brought.  *Milwaukee Concrete Studios, Ltd. v. Fjeld*

*Mfg. Co.*, 8 F.3d 441, 446 (7th Cir. 1993) (quoting 1A Pt. 2 Jeremy C. Moore, et

al., *Moore's Federal Practice* ¶ 0.344[8], at 4239-40 (2d ed. 1991)).  Belaustegui

neither alleges that KC Media or its agent resides in the Eastern District of

Missouri, nor challenges KC Media's assertion that they do not reside here.

Accordingly, venue is proper in this district only if KC Media or its agent "may be

found" here, that is, subject to personal jurisdiction in this forum district.  *See PKWare, Inc. v. Meade*, 79 F. Supp. 2d 1007, 1017 (E.D. Wis. 2000); *Garner v. Sawgrass Mills Ltd. P'ship*, No. CIV. 3-94-307, 1994 WL 829978, at *6 (D. Minn. Dec. 22, 1994).

In Missouri, I need only determine whether the exercise of personal jurisdiction over a defendant would comport with due process.  *Clune v. Alimak AB*, 233 F.3d 538, 541 (8th Cir. 2000).  In the context of this copyright infringement action, due process requires minimum contacts between KC Media and this forum judicial district such that maintenance of the suit here does not offend traditional notions of fair play and substantial justice.  *Steinbuch v. Cutler*, 518 F.3d 580, 585 (8th Cir. 2008) (minimum contacts required); *Milwaukee Concrete Studios*, 8 F.3d at 445 (under § 1400(a), court must consider defendant's contacts with particular judicial district).  Accordingly, I focus on KC Media's contacts with this district.  *Milwaukee Concrete Studios*, 8 F.3d at 445-46; *see also Steinbuch*, 518 F.3d at 586 (most important considerations are nature and quality of contacts, quantity of contacts, and connection of the cause of action to the contacts).  Contacts with this district are required.  *Milwaukee Concrete Studios*, 8 F.3d at 447.

Belaustegui does not allege that KC Media committed any relevant act in the Eastern District of Missouri or that he sustained any injury in this district on

account of KC Media's conduct.  And KC Media declares that the alleged conduct

giving rise to Belaustegui's claim occurred only in Kansas City, Missouri;

involved local publicity for a performance to be held in Kansas City; and was

directed to only the Kansas City market.  (ECF 10-1, Loy Decl.)[1]  KC Media

simply has no contacts in the Eastern District of Missouri relevant to this lawsuit.

Venue in this district is therefore improper under § 1400(a).

After KC Media filed its motion to dismiss or to transfer, Belaustegui filed

an amended complaint wherein he asserted venue by claiming – without factual or

legal support – that it would be more convenient for him to have this action heard

here.  It is unclear how St. Louis, Missouri, is a more convenient forum for an

individual who resides and does business in Florida and alleges conduct occurring

only in Kansas City, Missouri, against a company who does business only in

Kansas City.  Regardless, KC Media has sufficiently demonstrated that it has no

relevant contacts with this district, and Belaustegui has not argued otherwise.  KC

Media has therefore met its burden of establishing that venue in this district is

improper under 28 U.S.C. § 1400(a).  *Brigdon v. Slater*, 100 F. Supp. 2d 1162,

1164 (W.D. Mo. 2000) (bound by Eighth Circuit precedent that defendant bears

---

[1] When ruling a Rule 12(b)(3) motion to dismiss for improper venue, I may consider matters outside the pleadings.  *Ortho Sols., LC v. Sanchez*, No. 4:19CV1307 HEA, 2019 WL 2450966, at *4 (E.D. Mo. June 12, 2019).

burden of establishing improper venue) (citing *United States v. Orshek*, 164 F.2d 741, 742 (8th Cir. 1947)); *see also Luebbert v. Employers & Operating Engineers Local 520 Pension Fund*, No. 4:06CV01140 ERW, 2007 WL 1100455, at *2 (E.D. Mo. Apr. 10, 2007).

B.    <u>Dismissal Rather than Transfer is Appropriate</u>

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).  Rule 12(b)(3), Federal Rules of Civil Procedure, states that a party may move to dismiss a case for "improper venue."  "These provisions therefore authorize dismissal only when venue is 'wrong' or 'improper' in the forum in which it was brought." *Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 55 (2013).  Because venue in this district is both wrong and improper for this copyright infringement action, dismissal is authorized. *See id.* at 58 (a "wrong" district is a district other than those districts in which Congress has provided by its venue statutes that the action may be brought).

In the circumstances of this case, dismissal rather than transfer to the Western District of Missouri is appropriate.  As demonstrated by United States Magistrate Judge N. Reid Neureiter's opinion in *Mondragon v. Nosrak LLC*, No. 19-CV-01437-CMA-NRN, 2020 WL 2395641 (D. Colo. May 11, 2020), and

the many cases summarized therein, plaintiff's counsel, Richard P. Liebowitz,

engages in a pattern of improperly filing copyright cases in the wrong venue to

avoid additional costs imposed by the local rules of the appropriate court.

Although nothing before me conclusively demonstrates that additional costs

possibly imposed by the Western District of Missouri is the reason Liebowitz

chose to file this action here, I cannot find that Liebowitz's filing of this case in the

wrong venue was a mere oversight or mistake given his extensive nationwide

practice in copyright litigation and the numerous admonitions issued by several

other courts regarding his practice of filing in improper venues.  On this issue, I

agree with Chief Judge Rosenstengel of the Southern District of Illinois:  "While

the undersigned is generally inclined to give attorneys the benefit of the doubt,

based on the sheer volume of cases that Liebowitz has filed, the Court feels that he

should know better by now."  *Ward v. Consequence Holdings, Inc.*, No. 3:18-CV-

1734-NJR, 2020 WL 2219070, at *3 (S.D. Ill. May 7, 2020).  I therefore do not

find it would be in the interest of justice for KC Media and this Court to do

Liebowitz's work for him and transfer the action to the only venue in which this

case could have been brought under § 1400(a).  Moreover, because the relevant

three-year statute of limitations[2] provides counsel ample time to refile this action in

---

[2] 17 U.S.C. § 507(b).

the proper venue, Belaustegui will not be prejudiced by such dismissal.

I will therefore dismiss this action without prejudice to be refiled in the Western District of Missouri.

C.      Appropriate Sanction

The mere filing of a lawsuit in the wrong venue or in a location without personal jurisdiction imposes costs on the court system and places the burden and expense on the defendant to appear and defend via a motion to dismiss or face risk of default judgment.  *See Mondragon*, 2020 WL 2395641, at *7.  Improperly filing such a lawsuit in the absence of mistake or inadvertence warrants sanctions.  *See* Fed. R. Civ. P. 11(b).  Under 28 U.S.C. § 1927, I may impose monetary sanctions on an attorney who "multiplies the proceedings in any case unreasonably and vexatiously."  "Courts should construe § 1927 strictly and impose sanctions only 'when attorney conduct, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court.'"  *SPV-LS, LLC v. Transamerica Life Ins. Co.*, 912 F.3d 1106, 1113 (8th Cir. 2019) (quoting *Lee v. L.B. Sales, Inc.*, 177 F.3d 714, 718 (8th Cir. 1999)).

The record before me aptly shows that Liebowitz's filing of this action in this district was unreasonable and constituted reckless disregard of his duties to this Court.  Given Liebowitz's extensive history in copyright litigation, he should have known that the Eastern District of Missouri was the wrong and improper

- 7 -

venue for this action, especially given the admonitions he has received from

several other courts for engaging in similar conduct.  Further, after KC Media filed

its motion to dismiss, Liebowitz unreasonably multiplied these proceedings by

filing an amended complaint that continued to assert venue in this district based

only on convenience without factual or legal support.  Because of Liebowitz's

unreasonable and reckless disregard of his duties to this Court, KC Media was

forced to incur excess costs and attorney's fees to appear and defend with a motion

to dismiss or to transfer – action that would not have been necessary had Liebowitz

acted properly.  I will therefore grant KC Media's request for fees and costs under

§ 1927 and order it to submit appropriate documentation to support its request.

Accordingly,

**IT IS HEREBY ORDERED** that defendant KC Media LLC's Motion to

Dismiss or, Alternatively, Motion to Transfer for Improper Venue and Motion for

Costs and Fees [10] is **GRANTED** to the extent KC Media seeks to dismiss this

action, and **GRANTED** to the extent it seeks its costs and fees under 28 U.S.C. §

1927.  The motion is **DENIED AS MOOT** to the extent it seeks to transfer venue.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT
PREJUDICE**.

**IT IS FURTHER ORDERED** that not later than **August 24, 2020**,

defendant KC Media LLC shall submit appropriate documentation supporting its

- 8 -

request for attorney's fees and costs reasonably incurred as a result of attorney

Richard P. Liebowitz's conduct in this action.


_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 17th day of August, 2020.